UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00116

GAYLON HAYDEN                                                                                         Plaintiff

v.

MARTIN MARIETTA MATERIALS, INC.                                                    Defendant
FLEXIBLE BENEFITS PROGRAM

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs. (Docket No. 27.) Defendant has responded, (Docket No. 30), and Plaintiff has replied, (Docket No. 31). Defendant has also filed a Motion for Leave to File Sur-Reply, (Docket No. 32.) Defendant's request to file a Sur-Reply, (Docket No. 32), is GRANTED, and the Court has considered Defendant's arguments in its attached Sur-Reply, (Docket No. 32-1).

Fully briefed, this matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Attorneys' Fees and Costs, (Docket No. 27), is GRANTED in accordance with the opinion below.

BACKGROUND

Plaintiff Gaylon Hayden brought the underlying action pursuant to 29 U.S.C. § 1132 to obtain judicial review of Defendant Martin Marietta Materials, Inc. Flexible Benefit Program's denial of her long-term disability benefits. In the Court's prior Opinion, (Docket No. 25), the Court found it necessary to divide review of Defendant's benefits decision into two parts: Plaintiff's physical-health claim and her

mental-health claim. After thoroughly reviewing Plaintiff's claims and Defendant's decision, the Court concluded:

> With regard to Hayden's physical condition, the Plan's medical reviewers did not shut their eyes to the treating physicians' diagnoses or make credibility determinations about her symptoms. Instead, the objective medical evidence was insufficient to prove disability. Three different internists reviewed Hayden's medical records and deduced that her conditions would not frustrate her as [an] office manager. Their opinions sprout from the dearth of medical evidence supporting her physical diagnoses and her failure to show that she was disabled during the relevant time period. The benefits decision was not meaningfully impacted by the Plan's choice to conduct a file review
>
> The same cannot be said for Hayden's mental health. Though submitted to the Plan during the administrative process, neither of the psychiatrists who performed the file review considered her pre-2010 mental health records. It violates the Department of Labor's regulations when a plan administrator declines to appraise "all comments, documents, records, and other information submitted by the claimant . . . without regard to whether such information was submitted or considered in the initial benefit determination." That the psychiatrists performing the file review did not possess all the relevant evidence weighs heavily in favor of overturning the decision as arbitrary and capricious. . . .
>
> . . . .
>
> The Court finds that denying Hayden's claim with respect to her physical health was not arbitrary and capricious. The conditions cited by her physicians are not supported by objective medical evidence and not sufficiently severe to preclude her from performing her own occupation. The physicians who reviewed her medical file based their opinions on obvious discrepancies rather than any impermissible factors. This portion of the benefits decision followed from a "deliberate principled reasoning process . . . supported by substantial evidence."  It will not be disturbed.

> The Court reaches a different decision for Hayden's mental health. Neither party disputes that in reaching his opinions, [the reviewing psychiatrist] Dr. Olivares did not review a substantial portion of Hayden's mental health records. The omission of the documents resulted in inaccurate conclusions regarding when Hayden was first diagnosed with major depression and the extent of her past treatment. Dr. Olivares' report also leaves the Court with the unmistakable impression that he did closely scrutinize Dr. Muehleman's findings. These missteps are too great to uphold the Plan's decision under the arbitrary-and-capricious standard. Nevertheless, the Court does not believe the record clearly establishes that Hayden is entitled to benefits. Therefore, this case is remanded to [the plan administrator] Liberty to conduct a full and fair review.

(Docket No. 25, at 19-20, 22-23 (citations omitted).)

In short, the Court found that the Defendant's benefits determination was not arbitrary and capricious as to Plaintiff's physical-health claim, but was arbitrary and capricious as to her mental-health claim, and remanded to Defendant for a full and fair review of the latter.

In light of the Court's remand, Plaintiff filed her present motion for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff claims she is entitled to fees and costs because the Court's remand indicated that she had achieved "some degree of success on the merits" as contemplated by *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149 (2010), and *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537 (6th Cir. 2011). Plaintiff seeks fees in the amount of $69,337.50, calculated as 246.5 attorney hours at $275.00 per hour, plus 15.5 paralegal hours at $100.00 per hour. She also seeks costs in the amount of $926.61. (Docket No. 27, at 12.)

DISCUSSION

**I.      Remand Constitutes "Some Degree of Success on the Merits."**

Under 29 U.S.C. § 1132(g)(1), a court may, in its discretion, award reasonable attorneys' fees and costs in an ERISA action. In *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156 (2010), the U.S. Supreme Court "consider[ed] the circumstances under which a court may award attorney's fees pursuant to § 1132(g)(1)." The Supreme Court held that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." *Id.* Instead, fees and costs may be awarded "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* at 2152 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

In *Hardt*, the defendant-insurer denied the plaintiff full benefits under her employer's disability insurance plan. *Id.* at 2152-53. After exhausting her administrative remedies, the plaintiff sued the insurer for violating ERISA. The district court eventually remanded the case to the insurer because the plaintiff "did not get the kind of review to which she was entitled under applicable law." *Id.* at 2153-54. Upon further review, the insurer found that the plaintiff was disabled within the terms of the policy and awarded her full benefits. The plaintiff then moved for attorney's fees and costs under § 1132(g)(1), which the district court awarded. The insurer appealed the award. *Id.* at 2154-55. Based on the fact that the plaintiff received a remand in the lower court and was eventually awarded benefits under the plan, the Supreme Court found: "[The plaintiff] has achieved far more than 'trivial success on the merits' or a 'purely procedural victory.' . . . [S]he has achieved 'some success on the merits,' and the District Court properly exercised its discretion to award [her] attorney's fees in this case." *Id.* at 2159.

Although finding for the plaintiff, the Court did "not decide . . . whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." *Id.*

Although the Supreme Court did not decide if a remand order, without more, was sufficient to achieve "some degree of success on the merits," the Sixth Circuit recently took up the issue in *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537 (6th Cir. 2011). In *McKay*, the plaintiff sought payment of long-term disability benefits offered through his employer. One of the plan's benefit providers denied benefits, and, after exhausting administrative remedies, the plaintiff sued for violations of ERISA. The district court remanded to the insurer for further determination because its first denial was "unreasonable and arbitrary." *Id.* at 538-40. After the remand order was entered, the plaintiff moved for, and the district court awarded, attorneys' fees under § 1132(g)(1). On remand, the insurer again denied the plaintiff benefits under the policy, and the plaintiff once again sued to recover the same. *Id.* In the second suit, the district court upheld the insurer's denial of benefits because its decision was "rational and supported by the record." *Id.* The plaintiff appealed the denial of benefits to the Sixth Circuit, and the insurer cross-appealed the award of attorneys' fees.

On appeal, the Sixth Circuit affirmed the insurer's denial of benefits. *Id.* at 545. More importantly for the present motion, the court upheld the plaintiff's award of attorneys' fees because the first case had been remanded to the insurer. *Id.* at 547. The Sixth Circuit affirmed the district court's finding that attorneys' fees were available, because "even if [the plaintiff] is ultimately ineligible for benefits, he has still seen some success on the merits because his case was remanded for further consideration." *Id.* at

546. The court concluded that the plaintiff's position on attorneys' fees was supported by the Supreme Court's decision in *Hardt*. *Id.* at 547. Thus, although *Hardt* did not decide whether remand, alone, was sufficient to make an award of attorneys' fees available under § 1132(g)(1), *McKay* expressly held that it is. *Id.* ("[The plaintiff] 'achieved some degree of success' by achieving a remand."). Even though the plaintiff in *McKay* was ultimately denied benefits under the policy, the court held that attorneys' fees and costs may nonetheless be available under § 1132(g)(1) when a party's case is remanded. *Id.*

Therefore, in the Sixth Circuit, a remand constitutes "some success on the merits" thereby making an award of attorneys' fees and costs available under § 1132(g)(1). Other district courts in this circuit have reached the same conclusion. *E.g.*, *Potter v. SABIC Innovative Plastics US, LLC*, 2011 WL 4852334, *3 (S.D. Ohio Oct. 13, 2011) ("[T]he Sixth Circuit . . . held that a plaintiff achieves some degree of success on the merits by achieving a remand based on failure to comply with ERISA guidelines."); *Bio-Med. Applications of Ky., Inc. v. Coal Exclusive Co., LLC*, 2011 WL 3568249, at *2, (E.D. Ky. Aug. 15, 2011) ("The [*McKay*] court determined that the remand satisfied *Hardt*'s standard for 'success.'"); *cf. Pemberton v. Reliance Life Ins. Co.*, 2011 WL 882835, at *2 (E.D. Ky. Mar. 10, 2011) (concluding, pre-*McKay*, that a plaintiff achieved some success on the merits by obtaining a remand and reconsideration of his claim); *Bowers v. Hartford Life & Accident Ins. Co.*, 2010 WL 4117515, at *2 (S.D. Ohio Oct. 19, 2010) ("[R]emand does not preclude a finding of 'some success on the merits.'").

In the present case, the Court remanded Plaintiff's mental-health claim because it found that Defendant's benefits determination on that portion of her disability claim was arbitrary and capricious. Following *Hardt* and *McKay*, a remand to Defendant in the

present case represents "some degree of success on the merits" for Plaintiff and, thus, makes an award of attorneys' fees and costs available under § 1132(g)(1).

## II.     The *King* Factors Favor an Award of Attorneys' Fees and Costs.

Once a court determines that attorneys' fees are available because a party has achieved "some degree of success on the merits," whether those fees should be awarded is governed by the factors [1] set out in *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).  When applying these factors, "[n]o single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).  Additionally, in this circuit there is "no presumption as to whether attorney fees will be awarded." *Foltice v. Guardsman Prods. Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).  In determining whether Plaintiff will be awarded attorneys' fees in this case, the Court considers the following five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*King*, 775 F.2d at 669.

---

[1] In *Hardt*, the Supreme Court did not foreclose the use of a "factor test" to award attorneys' fees once a party had achieved "some degree of success on the merits," stating:  "We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may considered the five factors adopted by the [Fourth Circuit] Court of Appeals . . . in deciding whether to award attorney's fees."  130 S. Ct. at 2158 n.8 (2010).

### 1. Culpability or Bad Faith

Under the first *King* factor, the Court must determine "the degree of the opposing party's bad faith or culpability." *Id.* In remanding the benefits determination to Defendant for reconsideration of Plaintiff's mental-health claim, the Court determined that Defendant's denial of benefits as to that portion of her disability claim was arbitrary and capricious. The Court recognizes that "[a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith." *Heffernan v. UNUM Life Ins. Co. of Am.*, 101 F. App'x 99, 109 (6th Cir. 2004). But, in its prior Opinion, this Court found that Defendant's denial of mental-health benefits was arbitrary and capricious for several reasons: (1) Defendant's reviewing psychiatrist "did not review a substantial portion of Hayden's mental health records," (2) the omission of these records "resulted in inaccurate conclusions regarding when Hayden was first diagnosed with major depression and the extent of her past treatment," and (3) the reviewing psychiatrist's report left "the Court with the unmistakable impression that he did not closely scrutinize Dr. Muehleman's findings." (Docket No. 25, at 23.) In light of those previous findings, the Court now concludes that Defendant acted with some degree of culpability in denying Plaintiff's mental-health benefits. "Where a plan administrator engages in an inadequate review of the beneficiary's claim or otherwise acts improperly in denying benefits, [courts] have found that attorney fees are appropriate." *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC Grp. Health Benefit Plan*, 581 F.3d 355, 377 (6th Cir. 2009). Therefore, the first *King* factor weighs in favor of awarding attorneys' fees to Plaintiff.

### 2. Ability to Satisfy the Award

The second *King* factor examines the opposing party's ability to pay an award of attorneys' fees and costs. *See* 775 F.2d at 669. When an opposing party "clearly possesses the ability to pay, this factor alone should not be dispositive when examination of all other relevant factors indicates that fees should not be awarded." *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557 (6th Cir. 1987). Defendant does not dispute its ability to pay. Instead, Defendant argues that "[w]hile the *inability* to satisfy an award should clearly weigh against the imposition of any such award, it does not logically follow that the ability to satisfy an award suggests that one should be made." (Docket No. 30, at 8.) The Court is satisfied that Defendant has the ability to pay an award of attorneys' fees and costs in this case. In determining whether to actually award fees, however, the Court places little emphasis on this factor. Given that the Court finds fees are warranted under other factors, the Court gives this consideration little weight.

### 3. Deterrent Effect

The third *King* factor directs a court to examine the "deterrent effect of an award on other persons under similar circumstances." 775 F.2d at 669. "The key question in analyzing this third factor is . . . whether the fee award would have a deterrent effect on other plan administrators." *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 532 (6th Cir. 2008).

In opposing Plaintiff's motion, Defendant argues that because it "did everything that it was required to do under the law" in regard to her physical-disability claim, and because "there is no evidence of bad faith" here, "the deterrent effect will be minimal." (Docket No. 30, at 8.) As Defendant points out, "[p]eople . . . will make honest

mistakes." (Docket No. 30, at 8.) However, the Court has already found that Defendant acted with some degree of culpability in denying benefits. The Court's decision to remand was based on the Court's finding that Defendant's "missteps are too great to uphold the Plan's decision under the arbitrary-and-capricious standard." (Docket No. 25, at 23.) As the Sixth Circuit has warned, "[A] plan administrator should ensure that the opinions on which they rely to make their decision to terminate are based on a thorough review of the administrative record." *Gaeth*, 538 F.3d at 531-32. The Court finds that an imposition of attorneys' fees and costs will serve to deter other plan administrators from committing missteps similar to those that rendered Defendant's determination arbitrary and capricious in regard to Plaintiff's mental-health claim. Thus, the third *King* factor weighs in favor of awarding fees and costs.

### 4. Common Benefits or Resolution of a Significant ERISA Legal Question

The fourth *King* factor weighs in favor of the party seeking attorneys' fees and costs if the moving party "sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve [a] significant legal question regarding ERISA." 775 F.3d at 669. In her motion, Plaintiff does not claim to resolve any significant legal questions involving ERISA. Instead, she argues that her case has conferred a common benefit on other participants and beneficiaries by challenging Defendant's "practice of disregarding medical evidence from participants," which she alleges, "is endemic." (Docket No. 27, at 11.) The Court finds no solid ground upon which to base this conclusion. Furthermore, the Court cannot agree with Plaintiff's argument as to this factor because any benefit conferred on future claimants was merely "incidental" to her case. Despite having found there would be a deterrent effect in

awarding fees here, the Court need not necessarily find that Plaintiff seeks to confer a common benefit. *See Gaeth*, 538 F.3d at 533 (recognizing that "the deterrent-effect and common-benefit factors are separate inquiries").

Having reviewed the complaint and other relevant documents in this case, the Court finds no indication that Plaintiff did anything other than seek the plan's "benefits for herself and did not seek to confer a benefit upon all participants." *Id.* (quoting *Moon*, 461 F.3d at 645) (internal quotation marks omitted). Although the Court's findings in its decision to remand might be useful to plaintiffs in future cases, there is no indication that Plaintiff sought to bring her case for that purpose. That is, any points of law resulting from this case that might benefit other beneficiaries are merely incidental to Plaintiff's ultimate goal of obtaining the benefits of her policy for herself. Therefore, the fourth *King* factor weighs in favor of Defendant and against awarding fees and costs.

### 5. Relative Merits

The fifth *King* factor requires the Court to consider the "relative merits of the parties' positions." 775 F.3d at 669. When considering this factor, the *Gaeth* court found: "The record indeed leaves open the possibility that [the insurer] might ultimately prevail in showing that [the plaintiff] is no longer disabled. Thus, the merits of [the plaintiff's] position are at best questionable as compared to the merits of the [insurer's] position, causing this factor to weight against an award of attorney fees at this point in the proceedings." 538 F.3d at 534. In *Gaeth*, like the present case, the district court had remanded the benefit determination to the insurer because the insurer's prior decision was arbitrary and capricious. *Id.* at 527. Because there had been not final determination by the insurance company, the court noted "that awarding attorney fees to [the plaintiff] now

could result in the incongruous situation of the party that ultimately wins nevertheless being required to pay attorney fees of the losing party." *Id.* at 534. But *Gaeth* was decided before *McKay*, which resolved this issue by upholding an award of attorneys' fees in the exact "incongruous situation" *Gaeth* envisioned. *See McKay*, 428 F. App'x at 545-47.

The notable difference here is the fact that the Court found Defendant had not acted arbitrarily and capriciously in regard to one part of Plaintiff's disability claim but had in regard to the other. On the one hand, as to her mental-health claims, Plaintiff overcame the arbitrary-and-capricious standard of review—a standard that is highly deferential to the Defendant—regardless of the fact that the Court found it was not apparent whether she would ultimately be entitled to benefits. On the other hand, the Court found Defendant did not act arbitrarily and capriciously in reviewing Plaintiff's physical-health claims. Ultimately though, the *King* factors, viewed in conjunction with *McKay*, directs the Court's focus to the appropriateness of fees in light of the Plaintiff having won "some degree of success on the merits." Here, that "some degree of success" is satisfied by Plaintiff having won remand on her mental-health claims. Because the Court found, without deciding whether she was entitled to benefits, that Defendant acted arbitrarily and capriciously when it denied her claim for mental-health benefits, the relative merits must, in that regard, weigh in Plaintiff's favor. Accordingly, to the extent that the relative merits favor either party at this juncture, the fifth *King* factor must tilt in favor of Plaintiff.

Overall, the Court finds that the first, third, and fifth *King* factors weigh in favor of awarding fees and costs; only the fourth factor weighs against such an award. Based

on the *King* factor analysis conducted above, the Court concludes that Plaintiff is entitled to an award of attorneys' fees and costs under § 1132(g)(1).

### III.   Amount of the Awards of Attorneys' Fees and Costs.

In her motion for attorneys' fees and costs, Plaintiff asks the Court to award a total of $70,264.21 in fees and costs, as calculated under the "lodestar method."[2] (Docket No. 27, at 12.) In accordance with *Anderson v. Procter & Gamble Co.*, 220 F.3d 449 (6th Cir. 2000), Plaintiff acknowledges that hours spent on the claims appeal process are not recoverable and so reduces his total number of recorded attorney hours from 284.5 to 246.5. In its response, Defendant objects to the award of fees and costs on several grounds: (1) that Plaintiff's counsel's fees for briefing are excessive;[3] (2) that Plaintiff cannot recover fees and costs related to her social security claim; (3) that the work attributed to Denise Bristol, Plaintiff's counsel's paralegal, cannot be recovered because they are clerical in nature; and (4) that Plaintiff should not recover fees and costs attributable to her claim of physical disability. (*See* Docket No. 30, at 10-12.) In regard to the number of hours spent drafting the opening and reply briefs, Defendant cites *Mikolajczyk v. Broadspire Servs., Inc.*, 499 F. Supp. 2d 958, 966 (N.D. Ohio 2007), where the court found that 91.55 hours for these tasks was unreasonable and deducted 16 hours from its award. But, in determining the hours reasonably expended: "The question is not

---

[2] The "lodestar" method is the "proper method for determining the amount of reasonable attorneys' fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). This approach involves two steps. First, the court calculates the "lodestar" by multiplying "the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 563 (1986). Second, the court can then adjust the lodestar up or down based on a number of different factors. *Id.*; *see generally Hensley v. Eckerhart*, 461 U.S. 424 (1983).

[3] Defendant does not object to the hourly rate charged by Plaintiff's counsel ($275 per hour) or to the hourly rate for work performed by Plaintiff's counsel's paralegal, Denise Bristol ($100 per hour). As such, to the extent it awards fees, the Court will do so at the hourly rates submitted for these individuals.

whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Even if the Northern District of Ohio's decision in *Mikolajczyk* were binding on this Court, the total time expended and total fees sought in *Mikolajczyk* are on par with those of this case. In *Mikolajczyk*, the plaintiff's attorney recorded 245.1 attorneys hours and 23.75 law clerk hours, for an approximate total of $63,332.00. *See* 499 F. Supp. 2d at 966-67. Here, Plaintiff seeks an award for 246.5 attorney hours and 15.5 paralegal hours for a total of $70,264.21. (*See* Docket No. 27, at 12.) The Court is satisfied that the total time recorded by Plaintiff's counsel in this matter is reasonable. The Court is also satisfied that 15.5 paralegal hours is a reasonable amount of time for this litigation, and Defendant cites no controlling authority for the proposition that those hours should be excluded from an award.

Defendant also objects to Plaintiff's claimed costs relating to Dr. Joseph Bassi, including a $48.62 Federal Express charge, which Defendant claims, "appears related to the submission of the sworn statement of Dr. Bassi." (Docket No. 30, at 11.) Specifically, Defendant argues that because this Court's review is limited to the record developed during the administrative process, costs related to Dr. Bassi are "not relevant to the Court's review of the Plan's final decision," because "either the deposition was taken as part of the administrative process, for which no fees or costs are recoverable, or it was

taken after the final decision on Hayden's claim." (Docket No. 30, at 11 (citation omitted).) The Court agrees, and in her Reply, Plaintiff contests neither this point nor Defendant's argument as to the Federal Express charges. Therefore, the Court finds that these costs are not recoverable.

Section 1132(g)(1) allows a court, in its discretion, to award reasonable attorneys' fees in an ERISA action. The Court acknowledges that to award the full amount requested would unduly compensate Plaintiff in this instance, because although she achieved "some degree of success on the merits" as contemplated by *Hardt* and *McKay*, the Court's prior Opinion limited remand to her mental-health claim, finding that Defendant's review of her other disability claims was not arbitrary and capricious. Still, the Court recognizes that the work performed on the different facets of Plaintiff's claim necessarily overlapped—that is, work performed on her physical- and mental-disability claims would not have been mutually exclusive of one another. As the Supreme Court reasoned in *Hensley v. Eckerhart*: "[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . . The result is what matters." 461 U.S. 424, 435 (1983). Therefore, under *Hardt/McKay* and the *King* factors, and pursuant to § 1132(g)(1), Plaintiff is entitled to an award of fees for a portion of the work submitted by Plaintiff's counsel in the affidavit attached to her motion. Therefore, based on the particular facts and circumstances of this case, the Court finds that an award of half the requested amount of attorneys' fees represents a reasonable award.

Overall, Plaintiff will receive a total of $34,926.84 in attorneys' fees and costs. The breakdown of this amount is as follows: For the work of attorney Geordie Garratt,

Plaintiff will receive $275 per hour for 123.25 hours of work, or $33,893.75; for the work of paralegal Denise Bristol, Plaintiff will receive $100 per hour for 7.75 hours of work, or $775.00; and, finally, will be allowed to recover costs in the amount of $258.09, representing $248.09 in costs for the McCracken Circuit Court Clerk and $10.00 in costs for the Secretary of State.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs, (Docket No. 27), is GRANTED.

IT IS HEREBY ORDERED that Defendant will pay Plaintiff attorneys' fees in the amount of $34,668.75.  IT IS FURTHER ORDERED than the Defendant will pay Plaintiff's costs of $258.09.

Date:

cc:     Counsel